# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Elaine E. Bucklo | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 03 C 3282 | **DATE** | 10/7/2003 |
| **CASE TITLE** | Lapham-Hickey Steel Corp. vs. A.G. Edwards Trust Company, et al. | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due _____. Reply to answer brief due _____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
   ☐ FRCP4(m)  ☐ Local Rule 41.1  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] The motions to dismiss by defendants Devereaux, Federal, and Edwards are granted. The motion to dismiss as to Mrs. Boxdorfer is denied. Mrs. Boxdorfer's motion to transfer the case to the Eastern District of Missouri is granted. Plaintiff having agreed to drop Lason from the suit, this case as to Mrs. Boxdorfer is transferred to the United States District Court in the Eastern District of Missouri.

(11) ■ [For further detail see order attached to the original minute order.]

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

LAPHAM-HICKEY STEEL CORP., )
)
        Plaintiff, )
)
v. )
) No. 03 C 3282
A.G. EDWARDS TRUST COMPANY FSB, a )
Delaware corporation, as co-trustee of )
the SYLVAN A. BOXDORFER SPECIAL NEEDS )
TRUST; GINA BOXDORFER, as co-trustee of )
the SYLVAN A. BOXDORFER SPECIAL NEEDS )
TRUST; LASON SYSTEMS, INC., a Delaware )
corporation; FEDERAL INSURANCE COMPANY, )
an Indiana corporation; and DEVEREAUX )
STOKES & NOLAN, P.C., a Missouri )
professional corporation, )
)
        Defendants. )

DOCKETED
OCT 0 8 2003

## MEMORANDUM OPINION AND ORDER

I.

Plaintiff Lapham-Hickey Steel Corporation ("Lapham"), an Illinois corporation, employed Sylvan Boxdorfer, a resident of St. Louis, Missouri. On September 25, 2001, Mr. Boxdorfer was involved in a car accident which rendered him quadriplegic. The other vehicle involved was being driven by Leroy Jones, an employee of Lason Systems, Inc. ("Lason"), a Delaware corporation. Pursuant to its Employee Group Health Care Plan (the "Plan"), Lapham paid Mr. Boxdorfer $776,256.45 in covered medical expenses in connection with the injuries which resulted from the accident. In mid-October, 2001, defendant Gina Boxdorfer, acting on behalf of her incapacitated husband, signed a Subrogation and Assignment of

Benefits Agreement which stated that Mr. Boxdorfer was obligated to reimburse the plan for covered medical expenses paid on his behalf out of any recovery in connection with the accident, and which assigned to Lapham any such cause of action.

In early 2002, Mr. Boxdorfer retained defendant Devereaux, Stokes, & Nolan, P.C. ("Devereaux"), a Missouri law firm, to represent him in connection with his injuries. On March 13, 2002, Devereaux filed a civil personal injury action against Mr. Jones and Lason in Missouri state court, seeking recovery of damages sustained by Sylvan Boxdorfer as a result of Mr. Jones' and Lason's negligence. Mr. Jones' and Lason's legal counsel in that action was retained by defendant Federal Insurance Company ("Federal"), an Indiana corporation. Unbeknownst to Lapham, Mr. Boxdorfer reached a settlement with Jones and Lason which provided for the payment of $2,500,000 to the Sylvan A. Boxdorfer Special Needs Trust, of which Mrs. Boxdorfer and defendant A.G. Edwards Trust Company ("Edwards"), a Delaware corporation, are co-trustees, and $1,500,000 individually to Mrs. Boxdorfer. Federal paid the settlement on behalf of Mr. Jones and Lason, its insured. The Devereaux Law Firm received an unspecified amount of attorneys' fees from the settlement proceeds. On November 21, 2002, Devereaux notified Lapham of the settlement.

On May 16, 2003, Lapham filed the present seven-count complaint against Lason, Edwards, Mrs. Boxdorfer, Federal, and

Devereaux, seeking recovery under a number of theories of the funds it paid to cover Mr. Boxdorfer's medical expenses. Lapham agreed to drop Lason from the suit, so Counts III and IV, which named only Lason, are no longer before me. The remaining defendants have separately moved to dismiss the case or, in the alternative, for transfer to the Eastern District of Missouri.

This court has jurisdiction over the case pursuant to the federal diversity statute, 28 U.S.C. § 1332. I grant the motion to dismiss as to Devereaux, Federal, and Edwards, but deny it as to Mrs. Boxdorfer, and grant Mrs. Boxdorfer's motion to transfer the case to the Eastern District of Missouri.

II.

The three counts which name Devereaux are Count II, seeking equitable relief under 29 U.S.C. § 1132(a)(3), Count V, alleging tortious interference, and Count VI, alleging conversion. Devereaux moves to dismiss on the ground that this court cannot exercise personal jurisdiction over Devereaux. I grant the motion.

The plaintiff bears the burden of establishing that the court has personal jurisdiction over each defendant. *Ctr. States, Southeast and Southwest Areas Pension Fund v. Reimer Express World Corp.*, 230 F.3d 934, 939 (7th Cir. 2000). The statute named in Count II includes a venue provision which permits venue in this

district, as well a provision for nationwide service of process[1], but neither of those provisions serves as a substitute for the constitutional requirement that defendants may only be obliged to defend themselves in the federal courts of states where they have established minimum contacts. *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945) (holding that the Due Process clause permits the exercise of personal jurisdiction only where the defendant's contacts with the forum state are close enough that "traditional notions of fair play and substantial justice" are not offended); *Trs. of the Hotel Employees and Rest. Employees Int'l Union Welfare Pension Fund v. Amivest Corp.*, 733 F. Supp. 1180, 1183 (N.D. Ill. 1990) (Aspen, J.) (finding that the district court had personal jurisdiction over an ERISA defendant because the defendant's business dealings in Illinois were extensive enough to meet the standard of *Int'l Shoe*).

There are two types of personal jurisdiction: specific and general. *Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408, 414-15. When a non-resident has substantial or "continuous and systematic" contacts with the forum state, the court may exercise general jurisdiction over the defendant, even

---

[1] 29 U.S.C. § 1132(e)(2) states: "When an action under this title is brought in a district court of the United States, it may be brought in the district where the plan is administered, where the breach took place, or where a defendant resides or may be found, and process may be served in any other district where a defendant resides or may be found."

4

for causes of action unrelated to the defendant's activities within the state. *Id.* If the non-resident's contacts with the state are limited, the court may invoke specific jurisdiction, which applies only to causes of action related to the defendant's activities within the state. *Id.* Specific jurisdiction is applicable in cases where a defendant has purposefully availed himself of the privilege of conducting activities in the state and where he should reasonably anticipate being haled into court there. *RAR, Inc. v. Turner Diesel, Ltd.*, 107 F.3d 1272, 1277 (7th Cir. 1997). "To give a concrete example, an out-of-state party's contract with an in-state party is alone not enough to establish the requisite minimum contacts." *Id.*

Devereaux's contacts with Illinois cannot be considered systematic and continuous. According to its answers to interrogatories, over the past three years, Devereaux, a Missouri law firm, has represented "less than five" clients who are residents of Illinois, two of them criminal defendants whose proceedings were resolved two years prior to the filing of this lawsuit. It has no Illinois office, Illinois employees, or Illinois agents. There is no evidence that, other than the two resolved criminal cases, the firm conducted any business in Illinois for the clients who were Illinois residents. Such sporadic contacts are not sufficient to establish general jurisdiction. *See Pendleton v. Germino*, No. 95-C2350, 1995 U.S. Dist. LEXIS 11739, at *12 (N.D.

Ill. Aug. 9, 1995) (Nordberg, J.) (holding that a California lawyer who had represented an Illinois resident fifteen years earlier, but had no ongoing contact with the state, was not subject to general jurisdiction in Illinois).

Nor does specific jurisdiction attach in this case. In their response to Devereaux's motion to dismiss, Lapham alleges that Devereaux committed torts in Illinois when it made misrepresentations to Lapham on the telephone and instructed its clients to do the same. However, even if such telephone calls would be sufficient to establish specific jurisdiction over Devereaux (an arguable point), these allegations do not appear in the complaint, and a brief in opposition to a motion to dismiss may not amend the complaint. *Perkins v. Silverstein*, 939 F.2d 463, 470 (7th Cir. 1991). The only communication by Devereaux mentioned in the complaint is a letter acknowledging receipt of some documents which had been sent by Lapham. This is not "purposeful availment" of the privilege of conducting business in Illinois, and Devereaux should not have anticipated that it could be haled into an Illinois court for sending such a letter.

The only case Lapham cites in support of its argument that Devereaux has sufficient contact with Illinois to meet the *Int'l Shoe* standard is *Heritage House Rests., Inc., v. Cont'l Funding Group*, 906 F.2d 276 (7th Cir. 1990). *Heritage House* provides no guidance as to defendant Devereaux; the foreign defendant in

*Heritage House* purposefully solicited the business of the Illinois plaintiff, the parties entered into an oral contract, and the defendant subsequently provided investment advice to the plaintiff via telephone for over a year. In contrast, there was never any business relationship between Lapham and Devereaux or any solicitation to that end.

Devereaux is not subject to the general or specific personal jurisdiction of this court. Therefore, Devereaux's motion to dismiss is GRANTED.

### III.

Count IV of the complaint alleges a claim against Federal for subrogation. Federal moves for transfer to the Eastern District of Missouri or dismissal for failure to state a claim on which relief may be granted. I grant the motion and dismiss the count against Federal.

In *Ctr. States, Southeast and Southwest Areas Pension Fund v. State Farm Mut. Auto. Ins. Co.*, 17 F.3d 1081, 1084 (7th Cir. 1994), the Seventh Circuit held on very similar facts that an insurance company which is not a party to a subrogation agreement has no duty to uphold it. If a covered individual violates a subrogation agreement by accepting a settlement from an insurer, the aggrieved employer's remedy is to pursue the covered individual for breach of contract; neither ERISA nor the subrogation agreement provide any remedy against the insurer. *Id.* Transferring the case to the

Eastern District of Missouri would not change the outcome; the Eighth Circuit has explicitly adopted the reasoning of Central States. *Witt v. Allstate Ins. Co.*, 50 F.3d 536 (8th Cir. 1995). Therefore, Federal's motion to dismiss Count IV is GRANTED.

IV.

Finally, defendants Gina Boxdorfer and Edwards move to dismiss for lack of personal jurisdiction or to transfer to the Eastern District of Missouri. I grant the motion to dismiss as to Edwards, but deny it as to Mrs. Boxdorfer. I grant the motion to transfer as to Mrs. Boxdorfer.

Edwards and Mrs. Boxdorfer adopt the arguments made by Devereaux in support of its motion to dismiss for lack of personal jurisdiction. Lapham has not alleged any facts suggesting that Edwards is subject to the personal jurisdiction of this court. According to the complaint, Edwards is a Delaware corporation with its principal place of business in Missouri. Nothing in the complaint or the brief in opposition to the motion to dismiss suggests any relationship between Edwards and the state of Illinois, except that it is allegedly holding funds which rightfully belong to an Illinois corporation. This is not a basis for the exercise of personal jurisdiction. The motion to dismiss is GRANTED as to defendant Edwards.

Mrs. Boxdorfer, on the other hand, has had enough contact with Illinois parties to justify the exercise of specific personal

jurisdiction in this case. Taking the well-pleaded facts in the complaint as true, Mrs. Boxdorfer knowingly entered into the subrogation agreement with Lapham on her husband's behalf. She made misrepresentations to Lapham over the telephone, informing them that she and her husband did not intend to hire an attorney, and that they would notify Lapham before doing so. According to the complaint, she knowingly accepted a payment of money which, pursuant to the contract she signed, belonged to Lapham, thus causing a tort to occur in Illinois. While the question is a close one, I find that this is sufficient to bring Mrs. Boxdorfer within the jurisdiction of this court. *Heritage House,* 906 F.2d at 276.

The motion to transfer, however, does not present a close question. Mrs. Boxdorfer makes a compelling argument for the transfer of this case to the Eastern District of Missouri. "For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." 29 U.S.C. § 1404. Factors a court should consider when deciding whether to transfer include:

> plaintiff's initial choice of forum; the relative ease of access to the sources of proof; the availability of compulsory process for the attendance of unwilling witnesses and the cost of obtaining the attendance of witnesses; the situs of material events; and convenience of the parties, specifically their respective residencies and abilities to bear the expense of trial in a particular forum.

*Georgouses v. NaTec Res. Inc.*, 963 F. Supp. 728, 730 (N.D. Ill. 1997) (Gettleman, J.).

With the exception of the plaintiff's choice of forum, all factors are either neutral or weigh in favor of transfer. The sources of proof are primarily located in Missouri; while the witnesses the parties intend to call are not expected to be unwilling, virtually all of them are in the St. Louis area, including Mr. Boxdorfer, an essential witness who is quadriplegic and can only travel at great expense and inconvenience; all of the material events took place in Missouri; finally, the only remaining defendant, Mrs. Boxdorfer, is a private citizen charged with the care of her profoundly disabled husband and their minor children, while the plaintiff is a corporation with extensive Missouri contacts, including the plant where Mr. Boxdorfer was employed prior to the accident. Transfer would serve the convenience of the parties as well as the interest of justice. The motion to transfer this case to the Eastern District of Missouri is GRANTED.

ENTER ORDER:

*Elaine L. Bucklo*

**Elaine E. Bucklo**
United States District Judge

Dated: October 7, 2003